UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-IBERIA DIVISION

| | |
|---|---|
| **JERALD STANSBURY** | CIVIL ACTION NO. _____ |
| **VERSUS** | |
| **IBERIA PARISH SHERIFF OFFICE, SHERIFF LOUIS M. ACKAL, OFFICER ZACHARY SCHAUBERT, AND UNKNOWN OFFICERS** | JUDGE _____ |
| | MAGISTRATE _____ |

## COMPLAINT

The complaint of **JERALD STANSBURY** "hereinafter sometimes referred to as Petitioner/Plaintiff", a person of full age and majority and domiciled in the parish of Iberia Parish, State of Louisiana, with respect represents:

1.

This action arises under Title 42, USC Sections 1983 and 1988. This court has jurisdiction over the action under Title 28, USC Sections 1343. Venue is proper in this Judicial District pursuant to Title 28 USC Section 1391.

2.

Made Defendants herein are:

A. **IBERIA PARISH SHERIFF'S OFFICE,** a political subdivision, Municipal Corporation and/or political entity with the capacity to sue and be sued. IBERIA PARISH SHERIFF'S OFFICE was the employer of Sheriff, Defendant LOUIS M. ACKAL, and OFFICER.  "Hereinafter referred to as IBERIA";

B. **SHERIFF LOUIS M. ACKAL, INDIVIDUALLY AND IN HIS CAPACITY AS SHERIFF OF IBERIA PARISH,** a person of the full age of majority who was at all times material hereto Sheriff of IBERIA PARISH, State of Louisiana, and was the employer and/ or commanding officer of Defendants, OFFICER and was responsible for the hiring, retention, training, and supervision, and for the implementation of the IBERIA PARISH Sheriff's OFFICE's customs, policies and procedures; Sheriff Ackal is sued in both his individual and official capacities. "Hereinafter referred to as "ACKAL";

C. **ZACHARY SCHAUBERT,** "hereinafter referred to as OFFICER", person of full age of majority who was at all times material hereto employed as a law enforcement officer by IBERIA, and acting in the course and scope of his employment. Officer is sued individually and in his official capacity as a police officer in the employment IBERIA.

D. **UNKNOWN OFFICER**, "hereinafter referred to as OFFICER", person of full age of majority who was at all times material hereto employed as a law enforcement officer by IBERIA, and acting in the course and scope of his employment. Officer is sued individually and in his official capacity as a police officer in the employment IBERIA.

3.

At all times applicable hereto, **ACKAL**, **Defendants**, and **OFFICER SCHAUBERT**, were duly appointed and employed in their official capacity with **IBERIA** and all actions taken by them were in the course and scope of their employment with **IBERIA**.

4.

On or about **August 1, 2013**, **JERALD STANSBURY** and his wife were experiencing marital difficulties and requested that JOSEPH B. WILLIAMS, JR. meet with **JERALD STANSBURY** during this difficult time.

5.

JOSEPH B. WILLIAMS, JR., in preparation for work the following Monday, brought his tools as well as his work clothes with him in order to wash them at **STANSBURY'S** house. The work clothes needed to be washed because JOSEPH B. WILLIAMS, JR. just finished a welding test in Baton Rouge.

6.

**JERALD STANSBURY** and JOSEPH B. WILLIAMS, JR. left the home on the above-mentioned date and procured gas at the truck stop and spoke to an acquaintance of **JERALD STANSBURY** that was working inside.

7.

**JERALD STANSBURY** then proceeded towards New Iberia to Stansbury's house, but his wife was not there. As a result, **STANSBURY** drove the vehicle towards Lafayette in an attempt to locate his wife.

8.

On the way to Lafayette, Iberia Police Officers, without activating their lights or sirens, were seen following **JERALD STANBURY** following his vehicle for no apparent reason.

9.

**JERALD STANSBURY** then proceeded to drive the vehicle, but in an attempt to not interfere with the aforementioned Officers' presumed investigation, **JERALD STANSBURY** directed the vehicle into a driveway in order to allow the Officers to pass **JERALD STANSBURY'S** vehicle and continue its patrol.

10.

Unknowingly, **JERALD STANSBURY** attempted to turn around in one of the patrolling Officers' residence.

11.

**OFFICER ZACHARY SCHAUBERT** proceeded to exit his patrol unit and handcuff **JERALD STANSBURY**, who was the driver of the vehicle.

12.

**OFFICER SCHAUBERT** uncessarily screamed at **JERALD STANSBURY** to, "Get the fuck out the car."

13.

Upon **JERALD STANSBURY'S** exit of the vehicle, **OFFICER SCHAUBERT** brutally slammed the face of **JERALD STANSBURY** into the trunk of the vechile and handcuffed **JERALD STANSBURY.**

14.

**OFFICER SCHAUBERT** asked **JERALD STANSBURY,** "What the fuck are you doing in my yard?" **JERALD STANSBURY** responded that he lives around the corner.

15.

**OFFICER SCHAUBERT** responded to **JERALD STANSBURY** by stating, "You fucking liar, I'm going to kill yall!"

16.

Immesaitely thereafter, **OFFICER SCHAUBERT** commenced to beating **JERALD STANSBURY** while he was effectibely immobilized in handcuffs on the ground. **OFFICER SCHAUBERT** also pulled JOSEPH B. WILLIAMS, JR. out of the passenger side of the vechile and continued to brutally attack him in the same manner.

17.

Shortly thereafter, 2 male occupants of the home exited their residence who appeared to be father and son, as well as police officers. The son escalated the situation by joining in the brutal attack of **JERALD STANSBURY** and commencing to beat **JERALD STANSBURY** in the same manner as **OFFICER SCHAUBERT**, all while the father observed the cruel incident.

18.

Once the beating was concluded, **JERALD STANSBURY** and JOSEPH B. WILLIAMS, JR. were transported to the police station to be interviewed by detectives.

19.

At the police station, **JERALD STANSBURY** was forced to lay face down in the backseat of the police unit and was pulled out of the unit by his legs. As he was being forced out in an unnecessary manner, **JERALD STANSBURY'S** chest and face hit the ground. **JERALD STANSBURY** was again beat at this point, until his pants fell down and then another officer intervened.

20.

A detective approached **JERALD STANSBURY** and informed him that someone pulled into his yard earlier that night. **JERALD STANSBURY** informed the detective that he did not pull into the detetive's yard and was at the gas station when someone allegedely entered the yard of the detective. The fact that **JERALD STANSBURY** was at the gas station at the aforementioned time was verified when the detective recived information corroborating the same.

21.

The detective then informed **JERALD STANSBURY,** "I don't know what to charge yall with, but cant charge yall with burglary, because your story checks out."

22.

A jailer informed **JERALD STANSBURY** that if **JERALD STANSBURY** or JOSEPH B. WILLIAMS, JR. told anyone, then the next time that the jailer would see them, he would kill them.

23.

**OFFICER SCHAUBERT** violated **JERALD STANSBURY'S** Constitutional rights, specifically, his Fourth and Fourteenth Amendment Rights when **STANSBURY** was illegally and unlawfully seized and detained without probable cause.

24.

**OFFICER SCHAUBERT** also violated **JERALD STANSBURY'S** Fifth Amendment rights by failing to advise him of the same.

25.

**JERALD STANSBURY** was not involved in any criminal activity on the night in question, did not pose a danger to himself or other members of the public when he was brutally attacked by **OFFICER SCHAUBERT**.

26.

As a result of the violent attack, **JERALD STANSBURY** suffered and continues to suffer from grueling physical and severe emotional injuries.

27.

The physical violence that **JERALD STANSBURY** experienced consisted of severely beaten face, extreme trauma to his chest, legs, and arms.

28.

**JERALD STANSBURY** was falsely imprisoned as a result of this false imprisonment, has nightmares and frequent panic attacks as he has had to relive this traumatic experience almost daily.

29.

Plaintiff, **JERALD STANSBURY** is still in a state of confusion and disbelief as to why he has become the victim of Police brutality brought upon by officers of the IBERIA PARISH SHERIFF'S OFFICE.

30.

Thereafter, Defendants, in violation of the Fourth, Fifth, and Fourteenth Amendment to the Constitution of the United States, without probable cause illegally and unlawfully, arrested, imprisoned and detained petitioner. In addition to the approximately three (3) unidentified officers at the scene and the named officer, **SHERIFF LOUIS ACKAL AND IBERIA PARISH SHERIFF'S OFFICE**, all encouraged, authorized, and/or acquiesced in their unconstitutional conduct.

## CAUSE OF ACTION – CIVIL RIGHTS VIOLATIONS

31.

The acts of Defendants on or about **August 1, 2013**, are a part of the practices, policies, customs and usages of the City of Iberia, namely **IBERIA**, its management and administrative officials were aware of several prior instances of police officers in its employ illegally and unlawfully violating the constitutional rights of its citizens, yet did nothing, to investigate these incidences to determine the causes of these violations and take the necessary steps to preclude their recurrence.

32.

As a direct consequence of these actions by Defendants, Petitioner was deprived of his liberty for a substantial period of time, suffered and continues to suffer physical and mental pain and anguish, acute mental distress, embarrassment, humiliation, permanent scarring and continues to suffer economic losses as a result of the incident which was in public view and which received notoriety.

33.

Additionally, Petitioner was injured as a result of the defamation by Defendants through their false accusations which were made with malice and were published in public records in various newspapers and which resulted in injury to Petitioner. Petitioner has incurred considerable costs, expenses, and attorney fees, pursuant to successfully defend prosecution of the false criminal charges against him and of which he seeks acquittal.

34.

The Constitutional rights of **JERALD STANSBURY** that were deprived, were clearly established and well known to a reasonable person. The unreasonably excessive actions of the officers were objectively unreasonable and the lack of physical resistance by the Petitioner against any of the officers at the scene. The above violations and torts were committed as a result of the policies, customs, and procedures of **IBERIA and ACKAL,** and upon information and belief it was the policy, custom, and practice of the Defendants, **IBERIA, and ACKAL**, to inadequately and improperly train and supervise their employees regarding:

A. Proper police procedure;

B. Proper force continuum;

C. Constitutional protections and safeguards of individuals;

D. Proper procedures for when to use excessive force under the above – described circumstances;

E. Proper training techniques for the moving of an individual from one place to another by an officer; and

F. Proper training techniques of controlled force usages and implementation.

35.

Further, upon information and belief, the inadequate training and supervision was known by Defendants, **IBERIA, ACKAL, and OFFICER(s),** previous to the actions taken by the Defendants against the Petitioner.

36.

The Defendants subjected the plaintiff to these deprivations of his rights, either intentionally or maliciously, or by acting within a reckless disregard for whether **JERALD STANSBURY'S** rights would be violated by their actions. Further, the individual Defendants had no reasonable basis for believing their conduct was lawful and as such are not entitled to qualified immunity.

37.

Upon information and belief, after the unlawful arrest and excessive force was used against the Plaintiff, Defendants collectively entered into a conspiracy to deprive **JERALD STANSBURY** of his constitutional rights by claiming **JERALD STANSBURY** had resisted arrest which led to his alleged arrest, all while they knew the allegations that **JERALD STANSBURY** had committed any alleged crimes which commanded such violence by them, was in fact false.

38.

Upon information and belief, there was no threats of violence by Petitioner and no officer safety threats presented by Petitioner especially once he was clearly on the ground and in handcuffs, to support any use of excessive force or use of physical restraints or violence while at the scene by any of the officers.

39.

The above described conduct constitutes one or more violations of 42 USC 1983, *et seq*.

## CAUSE OF ACTION- STATE LAW CLAIMS

40.

The excessive force and injury of **JERALD STANSBURY** by members of the **IBERIA PARISH SHERIFF'S OFFICE** and **SHERIFF LOUIS ACKAL** was committed through gross acts and wanton negligence of **OFFICER ZACHARY SCHAUBERT** and **DEFENDANTS** as follows:

A. Unreasonably forcefully grabbing **JERALD STANSBURY** despite him complying with the officers orders;

B. Unlawfully detaining, seizing, and arresting **JERALD STANSBURY** without probable cause and despite his compliance;

C. Falsely imprisoning **JERALD STANSBURY;**

D. Using excessive force despite the fact that **JERALD STANSBURY** was not threatening the safety of anyone at the scene;

E. Failing to control the situation without using excessive force;

F. Employing improper police procedures when unnecessarily violently, aggressively, and continuously mauling Petitioner while his arms were in a restraint position behind his back;

G. Employing improper police procedures when unnecessarily violently and aggressively attacking **JERALD STANSBURY**, all while Petitioner laid defenseless and effectively immobilized in handcuffs;

H. Employing improper police procedures in their decision to use excessive force; and

    I.   Failing to do what they should have done and see what they should have seen to avoid the injuries to **JERALD STANSBURY.**

41.

As the employer of the police officers, **IBERIA** and **ACKAL** are responsible under the legal doctrine of *Respondeat superior* for all the damages and injures occasioned herein by the negligence of the officers who at all times material hereto operating within the course and scope of their employment with **IBERIA.**

42.

**IBERIA** is liable independently for its negligence in failing to properly train and supervise its officers.

43.

The supplemental jurisdiction of this court is hereby invoked pursuant to Section 1367 of Title 28 USC to assert the following causes of action. Petition incorporates all of the allegations of the previous articles as copied herein extensor. The allegations herein including false arrest, false imprisonment, assault, battery, failure to provide medical attention, negligent and intentional infliction of emotional distress, cruel treatment, malicious prosecution and defamation constitutes violations of Petitioner's rights actionable under the laws of the State of Louisiana and were the proximate and legal causes of the injuries done to Petitioner, entitling him to damages as are just in the premises.

## DAMAGES AND HARM – ALL COUNTS AND CAUSES OF ACTION

44.

The above conduct of the Defendants was the cause (direct and proximate) of the harm and permanent injury to **JERALD STANSBURY** and the resulting damages as described subsequently.

45.

As a result of the above-described incident, **JERALD STANSBURY** suffered immense pain in his face as well other as other painful ailments to his legs, arms, and chest.

46.

As a result of the above described incident, **JERALD STANSBURY** has suffered and will continue to suffer great physical and mental pain and suffering, has suffered a past and future loss of earnings and earning capacity, has incurred and will continue to incur medical bills and has suffered a loss of enjoyment of life.

47.

Petitioner, **JERALD STANSBURY**, respectfully represents that he is entitled to the following amounts from Defendants who are liable (*insolido* or otherwise) as a result of the acts and misconducts alleged previously for:

A. Compensatory damages against Defendants, and each of them, insolido, in the amount to be determined at the trial

B. Treble, exemplary and/or punitive damage against Defendants, in an amount to be determined at the trial;

C. The cost of this action, including attorney fees; and

D.  Such other and further relief as this Court may deem appropriate.

48.

Petitioner, **JERALD STANSBURY**, requests a trial by jury on all matters so triable.

**WHEREFORE**, Petitioner, **JERALD STANSBURY**, prays that the defendants be served, in accordance with the law, with a certified copy of this petition and duly cited to answer same and that after legal delays and due proceedings are had, that there be judgment in favor of **JERALD STANSBURY** against the Defendants, **IBERIA PARISH SHERIFF'S OFFICE, SHERIFF LOUIS ACKAL, OFFICER ZACHARY SCHAUBERT**, **UNKNOWN OFFICERS**, jointly, several, and insolido for all sums that are due as allowed by law, including all court costs and expert fees, including legal interest thereon, until paid and for such other and further legal and equitable relief as the Court may deem necessary, proper, and reasonable.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.

                **Respectfully submitted:**

                **By:** _____
                **HAROLD D. REGISTER, JR., #16764**
                216 Rue Louis XIV
                Lafayette, LA  70598-0214
                Telephone: (337) 981-6644
                Facsimile: (337) 981-6692

**PLEASE SERVE:**

**IBERIA PARISH SHERIFF'S OFFICE and SHERIFF LOUIS ACKAL**
**Through Its Agent for Service of Process**
**Louis Ackal**
300 Iberia Street, Suite 120
New Iberia, Louisiana 70560

**ZACHARY SCHAUBERT**
300 Iberia Street, Suite 120
New Iberia, Louisiana 70560

**OFFICE OF RISK MANAGEMENT**
Claiborne Building, Suite G-192
1201 North Third Street
Baton Rouge, LA 70802

**OFFICE OF THE ATTORNEY GENERAL**
James D. "Buddy" Caldwell
1885 North Third Street
Baton Rouge, LA 70804

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-IBERIA DIVISION

| | |
|---|---|
| **JERALD STANSBURY** | **CIVIL ACTION NO.** _____ |
| **VERSUS** | |
| **IBERIA PARISH SHERIFF OFFICE, SHERIFF LOUIS M. ACKAL, OFFICER ZACHARY SCHAUBERT, AND UNKNOWN OFFICERS** | **JUDGE** _____ |
| | **MAGISTRATE** _____ |

**AFFIDAVIT OF VERIFICATION**

**STATE OF LOUISIANA**

**PARISH OF LAFAYETTE**

  **BEFORE ME**, the undersigned Notary Pubic, duly commissioned and qualified within and for the State and Parish aforesaid, personally appeared **JERALD STANSBURY** who, after being by me duly sworn, said that he has read the pleadings in the above-captioned petition, and all of the allegations of fact contained therein are true and correct, to the best of his knowledge, information, and belief.

_____
**JERALD STANSBURY**

**SWORN TO AND SUBSCRIBED**, before me, this _____ day of

_____, 2014.


_____
**HAROLD D. REGISTER, JR., #16764**
**216 Rue Louis XIV**
**Lafaytte, LA 70508**
**(337) 981-6644**

Case 6:14-cv-00960-RFD-PJH Document 1 Filed 05/08/14 Page 19 of 19 PageID #: 19